The Honorable Ben Allen State Senator P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding a lease of local school district property. You have asked, specifically, whether the Church of Christ would be permitted under the laws and constitution of the state of Arkansas and the United States to enter into a lease agreement whereby they would lease or rent facilities from the Little Rock or Pulaski County Public School Systems, or some other school system in the State. You note that the facility would only be used at a time when school was not in session, and that no church identification would be used other than the occupancy of the building.
This office has previously unofficially advised an Arkansas community college against pursuing any landlord-tenant relationship with any religious organization because ofFirst Amendment considerations. See attached correspondence to Bob C. Burns, President, East Arkansas Community College, dated January 15, 1985. As noted therein, this situation poses aFirst Amendment question.
The First Amendment to the United States Constitution prohibits any law respecting an establishment of religion and also prohibits laws which prevent the free exercise thereof. The "establishment clause" was made applicable to the States through theFourteenth Amendment to the U.S. Constitution. Everson v. Board of Education, 330 U.S. 1 (1947). The methodology developed by the United States Supreme Court in assessing the existence of an establishment clause violation requires consideration of three questions:
 (1) Does the policy or practice have a secular (non-religious) purpose? (2) Is the primary effect of the policy or practice one which neither advances nor prohibits religion? (3) Does the policy or practice avoid an excessive entanglement with religion? Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971). All of these questions must be answered in the affirmative in order to avoid an unconstitutional establishment of religion under the First Amendment. Lubbock Civil Liberties Union v. Lubbock Independent School District, 669 F.2d 1038 (5th Cir. 1982); Clark v. Dallas Independent School Dist., 671 F. Supp. 1119 (N.D.Tex. 1987).
Various concerns raised in the enclosed 1985 correspondence with respect to a community college's lease of lands to a Baptist Student Union must also be considered in this instance. As noted therein, such an arrangement would require the extension of similar opportunities to other groups seeking equal treatment. The lease and its terms must also be assessed in light of market factors. It must be apparent, in my opinion, that the process leading to the agreement, as well as the specific terms thereof, are dictated by market forces. Any existing policies and/or past practices in this regard must also be considered. The questions posed in our earlier correspondence are significant, particularly: "If no such policy exists, would not any newly developed policy be for the purpose of accommodating a religious group?"
These questions, as well as the potential existence of other significant factors, dictate that we advise the school to proceed with extreme caution in this area. As expressed by one federal district court with respect to student meetings on campus for religious purposes, "[t]he environment at issue here is that of the public secondary school, with its unique concern for non-sectarian neutrality." Clark v. Dallas Independent School Dist., supra, at 1124. The established methodology (See Lemon, supra), essentially requires pursuit of a factual analysis of the school, based upon the particular circumstances surrounding the agreement. If challenged, the school's practices or policy will in all likelihood ultimately be assessed by a court under this methodology.
It is thus apparent that this office cannot offer a conclusive response to your question, due to the factual nature of the analysis. While we would, as previously stated, advise against such an arrangement, the particular facts of each case must be considered.
We hope that the foregoing offers general assistance in addressing this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.